**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 11, 2026

**BY ECF**
The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Peal Street
New York, New York 10007

**Re: *United States v. Miguel Mora Nunez, et al.*, S1 25 Cr. 367 (LAP)**

Dear Judge Preska:

The Government respectfully writes in response defendant Miguel Mora Nunez's letter, dated February 24, 2026, and further to the defendants' motion for relief pursuant to Local Rule 23.1(h). *See* Dkt. Nos. 34, 39. During the January 28, 2026 status conference, the Government advised the Court that it was in the process of addressing the requirements of Local Rule 23.1(h) with relevant law enforcement agencies, including but not limited to those involved in this prosecution. *See* Jan. 28, 2026 Tr. at 3:17-4:1. As set forth below, it has since done so. To the extent the Court believes a further response to the defendants' motion would be appropriate, the Government respectfully requests that it be permitted until March 27, 2026 to do so.

By way of brief background, on August 13, 2025, a two-count indictment was returned by a grand jury charging defendant Mora Nunez with possession of ammunition by an illegal alien, in violation of 18 U.S.C. § 922(g)(5), and defendant Aybar-Berroa with accessory after the fact to possession of ammunition by an illegal alien, in violation of 18 U.S.C. § 3. *See* Dkt. No. 13. On November 13, 2025, a grand jury returned a three-count superseding indictment, which alleged the two original charges and a third count against defendant Aybar-Berroa, charging him with possession of ammunition by an illegal alien, in violation of 18 U.S.C. § 922(g)(5). Dkt. No. 24.

On January 28, 2026, the Court held a status conference, during which defendant Aybar-Berroa previewed for the Court a contemplated motion seeking relief, including an evidentiary hearing, relating to Local Rule 23.1(h). *See* Min. Entry dated Jan. 28, 2026. In response, the Government advised the Court of its ongoing efforts to provide information to law enforcement about the requirements of Local Rule 23.1(h). Jan. 28, 2025 Tr. at 3:17-4:1. The Court then directed the parties to confer and, by close of business the following day, advise the Court whether a resolution would be possible without the need for Court intervention or motion practice. *Id.* at 4:8-4:13. The parties were unable to reach an agreement relating to the defense's requests, and, on January 29, 2026, defendant Aybar-Berroa filed a motion seeking a special order under Local Rule 23.1(h) and an evidentiary hearing. Dkt. Nos. 34-36. By letter dated February 24, 2026, defendant Mora Nunez joined that motion and requested that the Court order the Government to respond or, in the alternative, grant the defendants' motion. Dkt. No. 39.

As the Government stated at the January 28, 2026 conference, the Government has undertaken efforts to advise relevant law enforcement agencies with which it regularly works of the requirements, and prohibitions, of Local Rule 23.1(h). Those agencies include those relevant to this case and referenced in the defendants' motion, including the Department of Homeland Security and the New York City Police Department. As the Government made clear during the January 28, 2026 conference, it has and does take the obligations under Local Rule 23.1(h) seriously, and has taken steps to provide additional information to law enforcement regarding compliance.

To the extent the Court believes a further response to the defendants' motion would be appropriate, the Government respectfully requests until March 27, 2026 to file such a response.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: *Mostafa Khairy*
Mostafa Khairy
Special Assistant United States Attorney
Tel.: (212) 637-2406

cc: Jarrod L. Schaeffer, Esq. (by ECF)
Neil P. Kelly, Esq. (by ECF)