UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

v. 25 CR 367 (LAP)

MIGUEL FRANCISCO MORA NUNEZ,

Defendant.

------------------------------x Plea

New York, N.Y.
May 4, 2026
11:00 a.m.

Before:

HON. LORETTA A. PRESKA,

District Judge

APPEARANCES

JAY CLAYTON
United States Attorney for the
Southern District of New York
MOSTAFA KHAIRY
SAMANTHA FRY
Assistant United States Attorneys

ABELL ESKEW LANDAU LLP
Attorneys for Defendant
JARROD SCHAEFFER

ALSO PRESENT: Mirta Hess, Interpreter (Spanish)

THE COURT: United States v. Miguel Francisco Mora Nunez. Is the government ready?

MR. KHAIRY: Yes, good morning, your Honor. Mostafa Khairy and Samantha Fry for the government. We're joined also by HSI Special Agent Antonio Bolfo.

MR. SCHAEFFER: Jarrod Schaeffer for Mr. Mora Nunez who is seated to my left.

THE COURT: Yes, sir. Thank you.

Mr. Mora Nunez, would you stand and raise your right hand.

(Defendant sworn)

THE COURT: Sir, do you understand that you are now under oath, and if you answer any questions falsely, your answers may later be used against you in a prosecution for perjury or the making of a false statement?

THE DEFENDANT: Uh-huh.

THE COURT: Is that a yes?

THE DEFENDANT: Yes.

THE COURT: Thank you.

How old are you, sir?

THE DEFENDANT: 22 years old.

THE COURT: Where were you born?

THE DEFENDANT: I was born in Santo Domingo, Dominican Republic. Domina.

THE COURT: Are you a citizen of the United States?

THE DEFENDANT: No.

THE COURT: How far did you go in school, sir?

THE DEFENDANT: I went up to seventh grade.

THE COURT: Are you able to understand me with the assistance of our interpreter?

THE DEFENDANT: Yes.

THE COURT: Are you currently or have you recently been under the care of a doctor or a psychologist or a psychiatrist?

THE DEFENDANT: No, no. I receive medicines, but they are given to me in the afternoon, but I haven't taken any medicines yet.

THE COURT: I see. What are those medicines for, sir?

THE DEFENDANT: I don't know the name, but it's just for pain, because of the bullet I have in my back.

THE COURT: I see. And have you been recently hospitalized or treated for alcoholism, narcotic addiction, or any other type of drug abuse?

THE DEFENDANT: No.

THE COURT: Have you ever been treated for any form of mental illness?

THE DEFENDANT: No.

THE COURT: Are you currently under the influence of any substance, such as alcohol, drugs, or any medication that might affect your ability to understand what you are doing here

in court today?

THE DEFENDANT: No.

THE COURT: Do you feel well enough to understand what you are doing here in court today?

THE DEFENDANT: Yes, 100 percent.

THE COURT: Good. Now, sir, have you received a copy of the superseding indictment against you, S1 25 Cr. 367?

THE DEFENDANT: Yes.

THE COURT: Have you gone over it with your attorney?

THE DEFENDANT: Yes.

THE COURT: Has your attorney explained to you the charge against, charges against you?

THE DEFENDANT: Uh-huh.

THE COURT: Yes?

THE DEFENDANT: Yes.

THE COURT: Have you told your attorney everything you know about the matters that are set out in the superseding indictment?

THE DEFENDANT: Yes, yes.

THE COURT: You haven't held anything back from him, have you, sir?

THE DEFENDANT: No.

THE COURT: Counsel, do I correctly understand that there is no plea agreement between the defendant and the government?

MR. SCHAEFFER: That's correct, your Honor.

MR. KHAIRY: That's correct, your Honor.

THE COURT: Very well then.

Now, sir, have you been induced to offer to plead guilty by any fear, pressure, threat, or force of any kind?

THE DEFENDANT: No, no.

THE COURT: Have you been induced to offer to plead guilty as a result of any statements by anyone to the effect that you would get leniency, special treatment, or some kind of special consideration if you pleaded guilty rather than going to trial?

THE DEFENDANT: No.

THE COURT: And do you understand that you have the right to continue in your plea of not guilty and proceed to trial?

THE DEFENDANT: Yes.

THE COURT: Do you understand that if you do not plead guilty, you have a right to a speedy and public trial by a jury of 12 persons?

THE DEFENDANT: Yes.

THE COURT: Do you understand that you have the right to be represented by an attorney at trial and at every stage of the proceedings, including an appeal, and if you cannot afford an attorney, one will be appointed to represent you free of charge?

THE DEFENDANT: Yes, I know.

THE COURT: Do you understand that if your plea of guilty is accepted, there will be no further trial of any kind?

THE DEFENDANT: Yes.

THE COURT: Do you understand that if you pleaded not guilty and went to trial, that upon such a trial, you would be presumed innocent unless and until the government proved your guilt beyond a reasonable doubt to all 12 jurors?

THE DEFENDANT: Yes, I know.

THE COURT: Do you understand that upon such a trial, you would have the right to confront and cross-examine all of the witnesses called by the government against you?

THE DEFENDANT: Oh. Would you repeat that?

THE COURT: Of course, sir.

Do you understand that if you decided to go to trial, you would have the right to confront -- that is, to sit in the same room with -- the witnesses called by the government, and you would have the right to cross-examine the witnesses called by the government?

Do you understand that, sir?

THE DEFENDANT: Yes.

THE COURT: And do you understand that at such a trial, you could remain silent, and no inference could be drawn against you by reason of your silence, or if you wanted to, you could take the stand and testify in your own defense?

THE DEFENDANT: Yes, I know.

THE COURT: Do you understand, sir, that at such a trial you would have the right to subpoena witnesses and evidence for your own defense?

THE DEFENDANT: I know.

THE COURT: Sir, do you understand that if your offer to plead guilty is accepted, you give up these rights with respect to this charge against you, and the Court can impose sentence just as though a jury had brought in a verdict of guilty against you?

THE DEFENDANT: Yes.

THE COURT: Sir, do you understand that if you wanted to, and if the government agreed, you could have a trial before a judge without a jury, in which event the burden of proof would still be on the government, and you would still have the same constitutional rights?

THE DEFENDANT: Yes.

THE COURT: Now, sir, do you understand that the government has sent a letter to your lawyer setting out its understanding of how the punishment or the sentencing guidelines in this case would read, and that letter is dated November 25, 2025?

Have you seen that, sir?

THE DEFENDANT: Yes.

THE COURT: And do you understand, sir, that in this

letter, the government understands that your applicable guideline range, that is the punishment for you, is 180 months' imprisonment.

Do you understand that, sir?

THE DEFENDANT: Yes.

THE COURT: And do you understand that because you are not a citizen of the United States, your guilty plea might result in deportation or other adverse immigration consequences?

THE DEFENDANT: Yes.

THE COURT: Counsel, is there anything else you want me to ask the defendant with respect to possible punishment?

MR. KHAIRY: Just to clarify, your Honor, that the defendant's guilty plea and eventual conviction makes deportation presumptively mandatory. So just to clarify that point, as opposed to possibility.

THE COURT: Do you understand that, sir?

THE DEFENDANT: Yes.

THE COURT: Anything else, counsel?

MR. SCHAEFFER: No, your Honor. Thank you.

THE COURT: Thank you.

Do you understand, sir, that as set forth in that November 25 letter, the 180 months' imprisonment is the maximum penalty that the Court could impose?

Do you understand that, sir?

THE DEFENDANT: Yes, yes.

THE COURT: Do you also understand that if the terms and conditions of supervised release are violated, you may be required to serve an additional period of imprisonment which is equal to the period of supervised release, with no credit or time off for time already spent on supervised release?

THE DEFENDANT: Yes.

THE COURT: Have you discussed the sentencing guidelines with your attorney?

THE DEFENDANT: Yes.

THE COURT: Do you understand that the Court will not be able to determine exactly what guideline applies to your case until after a presentence report has been completed, and you and your attorney and the government have a chance to read it and to challenge the facts that are set out there by the probation officer?

THE DEFENDANT: Yes.

THE COURT: Sir, do you understand that in determining a sentence, it's the Court's obligation to calculate the applicable sentencing guidelines range and then to consider that range, possible departures from that range under the guidelines, and other sentencing factors set out in the statute, 18, United States Code, Section 3553(a)?

THE DEFENDANT: Yes.

THE COURT: Sir, do you understand that you or the

government might have the right to appeal whatever sentence is imposed?

THE DEFENDANT: Yes.

THE COURT: And do you understand that parole has been abolished, so if you're sentenced to prison, you will not be released on parole?

THE DEFENDANT: Yes.

THE COURT: Do you understand that you will not be able to withdraw your plea on the ground that your lawyer's prediction or anybody else's prediction as to the applicable guidelines range or as to the actual sentence turns out not to be correct?

THE DEFENDANT: Yes.

THE COURT: Sir, do you understand that the offenses to which you are pleading guilty are felonies?

THE DEFENDANT: Yes.

THE COURT: Are you fully satisfied with the advice, counsel, and representation given to you by your attorney, Mr. Schaeffer?

THE DEFENDANT: Yes.

THE COURT: Do I correctly understand that you are offering to plead guilty because you're in fact guilty?

THE DEFENDANT: Yes.

THE COURT: Sir, if you wish to plead guilty, I am going to ask you to tell me what you did. As you can see, your

answers will be in Mr. Schaeffer's presence, and your answers will be recorded on the record. I remind that you you're still under oath, so if you answer falsely, your answers may later be used against you.

Do you understand, sir?

THE DEFENDANT: Yes.

THE COURT: Do you still wish to plead guilty?

THE DEFENDANT: Yes.

THE COURT: Tell me what you did, Mr. Mora Nunez.

MR. SCHAEFFER: Your Honor, with the Court's permission, we've worked with Mr. Mora Nunez to prepare a written statement. If he could read that.

THE COURT: Yes, sir.

MR. SCHAEFFER: Thank you, your Honor.

THE COURT: Sir, could you do it one sentence at a time. Stop right there and let the interpreter interpret what you've said.

THE DEFENDANT: Fine.

THE COURT: Stop. Let her interpret first and then you'll read the next sentence.

THE DEFENDANT: Ah, okay.

On or about July 19, 2025, while in Manhattan, I possessed ammunition for a firearm. At the time, I knew that I did not have lawful status in the United States.

THE COURT: You knew that was unlawful activity,

correct, sir?

THE DEFENDANT: Yes.

THE COURT: Thank you.

May I ask the government, first, if there is anything further by way of allocution?

MR. KHAIRY: Nothing by way of allocution, your Honor. However, we're prepared to make a proffer of evidence as well.

THE COURT: Yes, sir. Would you be kind enough to tell us the elements the government would have to prove if the defendant went to trial, please.

MR. KHAIRY: Yes, your Honor. Pursuant to 18, United States Code, Section 922(g)(5), being an unlawful alien in possession of ammunition, has four elements:

The first is the defendant knowingly possessed ammunition; second, at the time the defendant possessed the ammunition, the defendant was an alien illegally or unlawfully in the United States; third, the defendant knew he was an alien illegal or unlawfully in the United States; and fourth, the possession of the firearm or ammunition, in this case ammunition, were in or affecting interstate or foreign commerce.

THE COURT: Thank you.

Mr. Mora Nunez, you understand that those are the elements the government would have to prove beyond a reasonable doubt if you went to trial, correct, sir?

THE DEFENDANT: Yes.

THE COURT: Mr. Schaeffer, we don't have any issue with respect to the interstate commerce element, do we?

MR. SCHAEFFER: No, your Honor.

THE COURT: Do you know of any valid legal defense that would prevail if Mr. Mora Nunez went to trial?

MR. SCHAEFFER: I do not, your Honor.

THE COURT: Do you know of any reason why he should not plead guilty?

MR. SCHAEFFER: No, your Honor.

THE COURT: Very well then, the plea is accepted. It is the finding of the Court in the case of the United States v. Miguel Francisco Mora Nunez that the defendant is fully competent and capable of entering an informed plea, and that his plea of guilty is knowing and voluntary and is supported by an independent basis in fact containing each and every essential element of the offense.

My findings are based upon Mr. Mora Nunez's allocution, and in addition, upon my observations of him here in court today.

The plea of not guilty is withdrawn, the plea of guilty is accepted and shall be entered. The defendant is now adjudged to be guilty of the offense.

Now, Mr. Mora Nunez, as you know, you'll be required to visit with the probation officer and to give the officer

certain information to be included in the presentence report. Mr. Schaeffer may be present with you when you visit with the probation officer, but certainly both you and he and the government will have the opportunity to read the presentence report prior to sentencing.

Sentencing will be on?

THE DEPUTY CLERK: September 1st, at 10 a.m.

THE COURT: Is there anything further today, counsel?

MR. KHAIRY: One thing, your Honor, briefly. The superseding indictment does contain three -- one forfeiture allegation. I forgot to bring that up earlier with the allocution.

THE COURT: Yes, sir.

Mr. Mora Nunez, you understand, don't you, that the superseding indictment contains a forfeiture allegation relating to three different cartridges, don't you, sir? Did you see that in it?

THE DEFENDANT: Yes.

THE COURT: You admit to that, don't you, sir? You agree to forfeit those cartridges to the government and the casings, correct?

THE DEFENDANT: Yes.

THE COURT: Thank you.

Counsel, is there anything further?

MR. KHAIRY: Nothing further from the government.

Thank you, your Honor.

THE COURT: Mr. Schaeffer?

MR. SCHAEFFER: No, your Honor. Thank you.

THE COURT: Thank you. Good morning, counsel. Thank you, Mr. Marshal.

(Adjourned)